UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**THOMAS LEE COATS,**

                            **Plaintiff,**                    04-CV-0491A(Sr)

v.

**DEPARTMENT OF VETERANS AFFAIRS,**

                            **Defendant.**

---

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #21.

Plaintiff commenced this action *pro se*, alleging employment discrimination on the basis of race, sex and disability in violation of Title VII of the Civil Rights Act of 1994 (Title VII), as amended, 42 U.S.C. § 2000e *et seq,* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq*.  Dkt. #1.

Currently before the Court is defendant's motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (2) & (6), for failure to timely exhaust administrative remedies and to name a proper party defendant (Dkt. #11), and plaintiff's motion for consideration of his further response in opposition to defendant's motion to dismiss. Dkt. #20.  The Court has considered all of plaintiff's submissions, and, for the following

reasons, concludes that plaintiff's allegations arising in February of 2002 must be dismissed with prejudice for failure to timely exhaust administrative remedies and that the remainder of plaintiff's complaint must be dismissed for failure to name the proper defendant.

## **BACKGROUND**

Plaintiff's complaint alleges that in July of 2001, plaintiff applied and was interviewed for the position of Service Representative (GS-4), with the Department of Veteran Affairs, Buffalo Regional Office ("Department"). Dkt. #1. Plaintiff complains that he was not hired for this position because of his race, sex, and disability. Dkt. #1. Plaintiff states that the Department hired a black woman he had trained prior to his termination from his File Clerk (GS-3), position and two other individuals "off the street" to fill the three Service Representative positions. Dkt. #1.

Plaintiff's complaint also alleges that in February of 2002, plaintiff applied and was interviewed for the position of File Clerk (GS-3), but was not hired for the position because the individual hiring for the position "remembered the former aggrieved employee had difficulty in getting along with other employees and that in general he was not a good employee." Dkt. #1.

Plaintiff attached to his complaint a Final Agency Decision dated April 7, 2004 from the Department's Office of Resolution Management which indicates that he

contacted an Equal Employment Officer ("EEO"), Counselor on February 18, 2004 regarding claims of discrimination arising from the Department's failure to hire him for the position of File Clerk in February of 2002 and February of 2003.[1]  Dkt. #1, Exh. A. The Office of Resolution Management  dismissed plaintiff's Complaint of Discrimination for failure to initiate contact with a Counselor within 45 calendar days of the allegedly discriminatory action as required by 29 C.F.R § 1614.105.  Dkt. #1, Exh. A.

Although plaintiff asserted that he was unable to contact the EEO Counselor because he suffered from depression, the Department relied upon a letter from the Upstate New York VA Healthcare System dated July 8, 2003 in determining that the time limit should not be waived.  Dkt. #1, Exh. A.  That letter reportedly states that plaintiff "received treatment for depression" and that this condition "could have interfered with his job performance because his memory for immediate and recent events was impaired."  Dkt. #1, Exh. A.   The Department concluded that

> Merely suffering from impaired judgment is not sufficient to toll the limitation period and the complainant must present sufficient evidence to support a finding that he was incapable of handling his own affairs during the 45 day limitation period.  The complainant has not provide[d] any documentation indicating that he was incapable of handling his own affairs and absent that, we dismiss his complaint under the authority as stated in 1614.107(a)(2), failure to timely contact an EEO counselor.

Dkt. #1, Exh. A (internal citations omitted).

---

[1] The letter also indicates that plaintiff had filed a Complaint of Discrimination (Case No. 200H-0528-2001104170), regarding non-selection for a position in 2001 following his initial contact with an EEO Counselor on July 18, 2001.  Dkt. #1, Exh. A, n.1.

Plaintiff commenced the instant action on July 1, 2004. Dkt. #1. Defendant moved to dismiss the action for failure to timely exhaust administrative remedies and failure to name the proper defendant. Dkt. #11. In response to the motion, plaintiff noted that he initiated his administrative complaint within the 300-day time limit prescribed by New York State law and requested that the Court consider his psychological state. Dkt. #17. Plaintiff submitted a decision from the Department of Veterans Affairs New York Regional Office dated January 2, 2004 which increased his "service connected compensation" with respect to a nervous condition from 30% to 50%, effective August 27, 2000. Dkt. #17.

By document dated October 1, 2004, plaintiff asked the Court to amend his complaint to include a breach of contract claim against the Department for its failure to adhere to its legal obligation to hire veterans before individuals with reinstatement eligibility, since the Department "was created to assist specific people first." Dkt. #18. In support of this request, plaintiff attached to this document a letter dated August 30, 2004 from the Assistant Secretary for Human Resources & Administration at the Department of Veterans Affairs to the Hon. Jack Quinn indicating that plaintiff "was a temporary employee selected in July 2000, whose appointment expired on July 6, 2001." Dkt. #18, p.3. The letter explained that plaintiff,

> a 30 percent or more disabled veteran, applied for, and was
> found qualified for three positions between April 2001 and
> October 2001. For the first vacancy, a qualified veteran,
> who rated higher than [plaintiff] on the best-qualified list, was
> selected. The second vacancy was filled with one
> reinstatement eligible candidate and two veterans. [Plaintiff]

4

> was rated sixth on the best-qualified list. The third vacancy
> announcement sought to fill one permanent position and
> three temporary positions. A temporary employee converted
> under the Veterans Employment Opportunities Act authority
> filled the permanent position, and three disabled veterans
> were selected for the temporary positions. All selectees
> rated higher than [plaintiff] on the best-qualified list.

Dkt. #18.

By document submitted November 18, 2004, the plaintiff asked the Court to consider the Department's alleged failure to "treat the underlying conditions of homelessness, substance abuse and mental illness and loss of jobs" on the ground that

> if they was treating the underlying problems of this issue
> than [sic] my case would have never happened and now the
> outcome of this case will affect every person with "veteran's
> preference," since it is possible to ensure that these people
> will have a job with this agency which has a contractual
> agreement to assist them.

Dkt. #20.

## DISCUSSION AND ANALYSIS

<u>Dismissal Standard</u>

When ruling on a motion to dismiss, the Court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a

presumption of truthfulness.  *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).

The Court is required to read the complaint broadly and with great latitude on a motion to dismiss.  *Yoder v. Orthomolecular Nutr. Inst.,* 751 F.2d 555, 558 (2d Cir.1985).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001).

The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *International Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991).  The Court may also consider matters of which judicial notice may be taken and documents in plaintiff's possession or documents of which plaintiff had knowledge and relied upon in commencing suit.  *Chambers*, 282 F.3d at 153; *Brass v. American Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Exhaustion of Title VII & Rehabilitation Act Claims

Prior to commencement of a federal court action under either Title VII or the Rehabilitation Act, a federal government employee must timely exhaust certain administrative remedies. *Bruce v. United States Dep't of Justice,* 314 F.3d 71, 74 (2d Cir. 2002); *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001); *Boos v. Rynyon*, 201 F.3d 178, 181 (2d Cir. 2000); *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998). The first step in the administrative process requires a federal employee who believes he has been discriminated against to initiate contact with an EEO Counselor within forty-five days of the allegedly discriminatory act or, in the case of personnel action, within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105 (a). This exhaustion requirement is not a jurisdictional prerequisite to suit, but is analogous to a statute of limitations, which is subject to waiver, estoppel, and equitable tolling. *Bruce,* 314 F.3d at 74; *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996).

"Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004), *citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The inquiry is "highly case-specific," and the burden of demonstrating the appropriateness of its application lies with the plaintiff. *Boos*, 201 F.3d at 185; *Columbo v. U.S. Postal Service*, 293 F. Supp.2d 219, 223 (E.D.N.Y. 2003).

7

Equitable tolling may be appropriate where the plaintiff's failure to comply with the appropriate deadline is attributable to his medical condition. *Brown v. Parkchester South Condos*, 287 F.3d 58, 60 (2d Cir. 2002). However, conclusory and vague claims of mental illness, without a particularized description of how the illness adversely affected the plaintiff's capacity to function generally or in relationship to his pursuit of rights, are insufficient to justify any further inquiry into tolling. *Boos*, 201 F.3d at 185; *Columbo*, 293 F. Supp.2d at 223-24.

The defendant bears the initial burden of establishing the affirmative defense of failure to exhaust administrative remedies at which point the burden shifts to plaintiff to demonstrate the appropriateness of equitable tolling. *See Lewis v. Connecticut Dep't of Corrs*., 355 F. Supp.2d 607, 616, n.5 (D. Conn. 2005).

The Office of Resolution Management's Final Agency Decision indicates that plaintiff initiated contact with an EEO Counselor regarding allegations of discrimination in February of 2002 and February of 2003 on February 18, 2004. Dkt. #1, Exh. A. While the Court acknowledges plaintiff's submission of the Department's evaluation of plaintiff's service connected compensation as evidence that he suffers from a nervous condition, that evidence is insufficient to demonstrate that he was incapable of contacting the EEO Counselor within 45 days of the alleged discrimination.

Dkt. #17, p.3.  Accordingly, plaintiff's allegation of discrimination in February of 2002 must be dismissed for failure to timely exhaust administrative remedies. [2]

With respect to the alleged discrimination in July of 2001, however, the Office of Resolution Management's Final Agency Decision indicates that plaintiff filed a Complaint of Discrimination in 2001 after initiating contact with an EEO Counselor on July 18, 2001.  Dkt. #1, Exh. A.  Accordingly, defendant has not met its burden of demonstrating that plaintiff failed to timely exhaust administrative remedies with respect to the alleged discrimination in July of 2001.

Proper Party Defendant

The United States has waived its sovereign immunity regarding employment discrimination claims only to the extent that such claims are made against the head of the department, agency or unit. *Drayton v. Veterans Admin.*, 654 F. Supp. 558, 562 (S.D.N.Y. 1987); *see* 42 U.S.C. § 2000e-16(c).  "An action may not be brought against the agency itself."  *Edinboro v. Dep't of Health & Human Servs.*, 704 F. Supp. 364, 365 (S.D.N.Y. 1988).  Thus, plaintiff's commencement of this action against the Department of Veterans Affairs, rather than the Secretary of the Department of Veterans Affairs, is improper.  *See Nobriga v. Dalton*, 1996 WL 294354, at *2 (E.D.N.Y. May 28, 1996).

---

[2] Although the same analysis would apply to the February, 2003 allegation of discrimination contained in the Complaint of Discrimination, that allegation is not included in plaintiff's complaint.

Request to Assert Breach of Contract Claim

      Although plaintiff's request to amend his complaint to assert a breach of contract cause of action (Dkt. #18), was not docketed as a motion, and does not meet the procedural requirements for a motion to amend a complaint, the Court notes that any such motion would be futile because Title VII and the Rehabilitation Act provide the sole remedy for allegations of employment discrimination against federal employers and courts cannot permit the invocation of state law remedies to circumvent the exclusivity of these statutes. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *Blitzer v. Potter,* 2005 WL 1107064, at *18 (S.D.N.Y. May 6, 2005)*; Lewis v. Snow*, 2003 WL 22077457, at *11 (S.D.N.Y. Sept. 8, 2003); see also *Matos v. Hove*, 940 F. Supp. 67, 72-73 (S.D.N.Y. 1996) (federal employees do not derive benefits of their employment from contractual relationship with the government).

## **CONCLUSION**

      For the foregoing reasons, (1) plaintiff's motion (Dkt. #20), asking the Court to consider his further response in opposition to defendant's motion to dismiss is granted; (2) defendant's motion to dismiss (Dkt. #11), for failure to timely exhaust administrative remedies is granted with prejudice with respect to plaintiff's February, 2002 allegations and denied with respect to plaintiff's July, 2001 allegations; and (3) defendant's motion to dismiss (Dkt. #11), for failure to name a proper party defendant is granted without prejudice to allow plaintiff to amend his complaint in accordance with

this order within 60 days of the entry of this order providing that plaintiff alleges facts demonstrating that his July, 2001 claim was timely exhausted and timely commenced.

**SO ORDERED.**

DATED:	Buffalo, New York
	September 30, 2005

> **S/ H. Kenneth Schroeder, Jr.**
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**