UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS LEE COATS,

       Plaintiff,    04-CV-0491A(Sr)

v.

DEPARTMENT OF VETERANS AFFAIRS,

       Defendant.

---

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #21.

## BACKGROUND

Plaintiff commenced this action *pro se*, alleging employment discrimination on the basis of race, sex and disability in violation of Title VII of the Civil Rights Act of 1994 (Title VII), as amended, 42 U.S.C. § 2000e *et seq,* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq*. Dkt. #1.

By Decision and Order entered September 30, 2005, this Court granted defendant's motion to dismiss with prejudice, for failure to exhaust administrative remedies, with respect to allegations of employment discrimination in February of 2002 and denied defendant's motion to dismiss for failure to exhaust administrative remedies

with respect to allegations of employment discrimination in July of 2001. Dkt. #23. However, because plaintiff had named the Department of Veterans Affairs rather than the Secretary of the Department of Veterans Affairs, the Court granted defendants motion to dismiss for failure to name a proper party without prejudice to filing an amended compaint. Dkt. #23. The Court directed plaintiff to file an amended complaint within 60 days naming the Secretary of the Department of Veterans Affairs as the defendant, provided that he could allege facts demonstrating that the July, 2001 claim was timely exhausted and timely commenced. Dkt. #23.

Plaintiff failed to file the amended complaint as directed. As a result, the Court dismissed the matter with prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to comply with a court order and failure to prosecute. Dkt. #24. Plaintiff appealed and the Court of Appeals for the Second Circuit determined that the Court's dismissal of plaintiff's complaint without prejudice to allow plaintiff to amend his complaint within 60 days failed to afford plaintiff sufficient warning that his case would be dismissed with prejudice if he failed to comply with the Court's Order. Dkt. #29.

More than twenty months later, the Department of Veterans Affairs moved to dismiss the action with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Dkt. #32. The Court directed plaintiff to respond to the motion and warned plaintiff "that his failure to respond to the motion will result in the dismissal of this action with prejudice." Dkt. #34. The Court's Order was returned with a notation that the

forwarding time had expired, so the Court mailed the Order to the forwarding address indicated by the United States Post Office, along with a new Order stating,

> As the Court's [34] Text Order was Returned with a Notation that the forward[ing] time had expired, and plaintiff having failed in his obligation to keep the Court apprised of his current address, the Court is mailing this Order, as well as previous [34] Order, to plaintiff at the forwarding address provided by the U.S. Postal Service . . . and extending the deadline for plaintiff to respond to defendant's motion to dismiss to 3/19/2010. . . . Plaintiff is reminded that his failure to respond to the motion will result in the dismissal of his action with prejudice.

Dkt. #35. The Court has received no response from plaintiff.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

With respect to the first factor, except for the filing of the Notice of Appeal in March of 2007, plaintiff has had no contact with this Court since 2004. Dkt. #20. With respect to the second factor, despite being informed that he had named an improper party and instructed that his complaint was dismissed unless he amended the complaint to name a proper party and allege facts demonstrating that the July, 2001 claim was timely exhausted and timely commenced, plaintiff has failed to file an amended complaint for more than three years since the dismissal of the Department of Veterans Affairs as an improper party. Dkt. #24. Thereafter, plaintiff was twice warned that that his failure to respond to the current motion to dismiss for failure to prosecute would result in the dismissal of this action with prejudice. Dkt. #34 & 35. With respect to the third factor, the Court finds that the passage of more than nine years since the incident alleged in the dismissed complaint has prejudiced the defense in regard to plaintiff's allegations. With respect to the fourth and fifth factors, the Court notes that it provided plaintiff with explicit directions for amendment of the complaint and that it originally dismissed the improper complaint without prejudice to filing an amended complaint. As more than three years have passed without a valid complaint against a proper defendant, during which time the plaintiff has failed to heed the orders of this Court and failed to keep the Court apprised of his current address, the Court can fathom no lesser sanction than dismissal of this action with prejudice.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED:	Buffalo, New York
	March 29, 2010

	 s/ H. Kenneth Schroeder, Jr.	
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**